IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRAD L. MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | 8:18CV199 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| STATE OF NEBRASKA MEDICAL | ) | **AND ORDER** |
| DEPARTMENT LANCASTER | ) | |
| COUNTY ADULT DETENTION | ) | |
| FACILITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, a pretrial detainee being held at the Lancaster County Jail, brings this 42 U.S.C. § 1983 action asserting a Fourteenth Amendment claim for deliberate indifference to his serious medical needs. Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff alleges that he was arrested and taken to jail shortly after he was in a car accident. When he entered jail, he was suffering "extreme pain in left arm and shoulder with numb hand and fingers." (Filing No. 1 at CM/ECF p. 5 (capitalization and spelling corrected).) Plaintiff states that it took jail staff 19 days to diagnose and treat his broken neck despite his continual complaints that he was experiencing numbness and pain in his shoulder. Plaintiff sues the "State of Nebraska Medical Department Lancaster County Adult Detention Facility" for money damages, and he admits he did not file a grievance complaining about his situation.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

Liberally construed, Plaintiff here alleges a federal constitutional claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state

law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III.  DISCUSSION

**A. Proper Defendants**

It is unclear whether the "State of Nebraska Medical Department Lancaster County Adult Detention Facility" is one defendant, or whether Plaintiff intended to sue the "State of Nebraska Medical Department" separately from the "Lancaster County Adult Detention Facility." The court shall construe them as separate defendants since one is labeled as a state entity, and the other as a county entity.

Whether a party has the capacity to be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Nebraska law, each county in Nebraska may sue and be sued in its own name, Neb. Rev. Stat. § 23-101 (Westlaw 2018), but the same is not true of county offices or departments. *Parsons v. McCann*, 138 F. Supp. 3d 1086, 1097 (D. Neb. 2015) (collecting cases). Further, it is clear that "county jails are not legal entities amenable to suit" under 42 U.S.C. § 1983. *Owens v. Scott County Jail*, 328 F.3d 1026, 1026 (8th Cir. 2003); *see also Williams v. Pulaski Cty. Det. Facility*, 278 F. App'x 695 (8th Cir. 2008) (unpublished) (county detention center not subject to suit under § 1983); *De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (unpublished) (§ 1983 action against county jail and county sheriff's department dismissed without prejudice under 28 U.S.C. § 1915A because parties were not suable entities). Therefore, the Lancaster County Adult Detention Facility is not a proper defendant, and Plaintiff's claim against the facility must be dismissed for failure to state a claim upon which relief can be granted.

While the court is unaware of an entity known as the "State of Nebraska Medical Department," states or governmental entities that are considered arms of the

state are not suable "persons" within the meaning of 42 U.S.C. § 1983, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989), and suits for money damages against the state or its agencies are barred by the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (Eleventh Amendment bars suit against state agency for any kind of relief); *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir.1989) (suit brought solely against state or state agency is proscribed by Eleventh Amendment); *see also Brown v. Arkansas Dep't of Human Servs.*, 452 F. App'x 690, 693 (8th Cir. 2011) (unpublished) (plaintiff's § 1983 claims against state agency barred by Eleventh Amendment). Accordingly, this Defendant must also be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff will be given leave to amend his Complaint to sue proper parties.

**B. Deliberate Indifference to Serious Medical Needs**

In preparing his amended complaint, Plaintiff should be aware of the law which will govern his deliberate-indifference claim. A convicted prisoner's conditions of confinement are subject to scrutiny under the Eighth Amendment, while a pretrial detainee's challenge to such conditions is analyzed under the Fourteenth Amendment's Due Process Clause. "This makes little difference as a practical matter, though: Pretrial detainees are entitled to the same protection under the Fourteenth Amendment as imprisoned convicts receive under the Eighth Amendment." *Davis v. Oregon County*, 607 F.3d 543, 548 (8th Cir. 2010) (internal quotation and citation omitted). Therefore, cases discussing the Eighth Amendment are applicable to this case despite Plaintiff's apparent status as a pretrial detainee.

The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny[ ] or delay[ ] access to medical care or intentionally interfer[e] with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Langford v. Norris*, 614 F.3d 445, 460 (8th Cir.

4

2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.") (quotations omitted).

To prevail on this claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. The deliberate indifference standard includes both an objective and a subjective component. Plaintiff must demonstrate that (1) he suffered from objectively serious medical needs, and (2) Defendants knew of, but deliberately disregarded, those needs. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000); *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006) (Eighth Amendment claim based on inadequate medical attention requires proof that officials knew about excessive risks to inmate's health but disregarded them and that their unconstitutional actions in fact caused inmate's injuries).

> Deliberate indifference is equivalent to criminal-law recklessness, which is more blameworthy than negligence, yet less blameworthy than purposefully causing or knowingly bringing about a substantial risk of serious harm to the inmate. An obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate. Deliberate indifference must be measured by the official's knowledge at the time in question, not by hindsight's perfect vision.

*Schaub v. Vonwald*, 638 F.3d 905, 914-15 (8th Cir. 2011) (internal quotations and citations omitted). A prisoner's mere disagreement with the course of his medical treatment fails to state a claim against a prison physician for deliberate indifference under the Eighth Amendment. *Bender v. Regier*, 385 F.3d 1133, 1137 (8th Cir. 2004).

## C. Exhaustion

The Prison Litigation Reform Act ("PLRA") requires state prisoners who wish to pursue a claim under § 1983 to exhaust their administrative remedies. 42 U.S.C. § 1997e(a). Specifically, the PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

This exhaustion requirement is a mandatory prerequisite to filing suit under 42 U.S.C. § 1983 or any other federal law. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Jones v. Bock*, 549 U.S. 199, 211-12 (2007) (citing *Porter* and reiterating that "unexhausted claims cannot be brought in court"). Simply put, exhaustion must occur prior to filing suit in federal court, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

However, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones*, 549 U.S. at 216; *see also Porter*, 781 F.3d at 451 ("Nonexhaustion is an affirmative defense, and defendants have the burden of raising and proving the absence of exhaustion."). So, while the court cannot consider Plaintiff's possible failure to exhaust administrative remedies on initial review, Plaintiff is cautioned that failure to exhaust is a likely defense to his claim should this case proceed further.

Accordingly,

IT IS ORDERED:

1. Plaintiff's claim for money damages against Defendant State of Nebraska Medical Department is dismissed for failure to state a claim upon which relief can be granted because such Defendant is not a suable "person" within the meaning of 42 U.S.C. § 1983 and such a claim is barred by the Eleventh Amendment;

2. Plaintiff's claim against Defendant Lancaster County Adult Detention Facility is dismissed for failure to state a claim upon which relief can be granted because such Defendant is not a suable entity under 42 U.S.C. § 1983 and state law;

3. Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint that states a claim upon which relief can be granted against proper defendants;

4. Failure to file an amended complaint will result in dismissal of this action without prejudice and without further notice;

5. The clerk's office is directed to set the following pro se case management deadline—September 7, 2018: check for amended complaint.

DATED this 3rd day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge